# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

JEROME W. DEWALD,

        Plaintiff,

vs.

BIOQUEST CORP., *formerly known as* CAFÉ SERENDIPITY HOLDINGS, INC.,

        Defendant.

Case No. 2:19-cv-00764-JAD-VCF

**<u>ORDER</u>**

MOTION TO AMEND [ECF NO. 11]

Before the Court is Plaintiff Jerome Dewald's Motion for Leave to File Amended Complaint. (ECF No. 11). For the reasons discussed below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff's original Complaint was filed on May 3, 2019. (ECF No. 1). The original Complaint names a single Defendant—Café Serendipity Holdings, Inc. (*Id.* at 1). On May 15 and 17, 2019, Plaintiff filed proof of service for Café Serendipity Holdings, Inc. and its CEO. (ECF Nos. 5, 6). As part of service, a copy of the summons and complaint was mailed to the CFO of BioQuest Corp., FKA Café Serendipity Holdings, Inc. (ECF No. 6 at 4). No answer has been filed to the original Complaint.

On June 3, 2019, Plaintiff filed a First Amended Complaint. (ECF No. 10). The caption of the First Amended Complaint appears to list two Defendants—Café Serendipity Holdings, Inc. and BioQuest Corp. (*Id.* at 1). However, the body of the First Amended Complaint makes it clear that "Defendant Café Serendipity, on November 16, 2018, changed its name and its principal place of business to BioQuest Corp." (*Id.* at 2). No answer has been filed to the First Amended Complaint.

1

On June 8, 2019, Plaintiff filed a motion for leave to file a Second Amended Complaint. (ECF No. 11). Plaintiff seeks to "correct[] a technical error in the citation of Defendant's name that makes it appear there are two Defendants rather than one Defendant with two aliases." (*Id.* at 1). The proposed Second Amended Complaint is identical to the First Amended Complaint except that the caption lists as the Defendant, "Café Serendipity Holdings, Inc., currently known as BioQuest Corp." (ECF No. 11-1). Defendant has not opposed the motion to amend or otherwise appeared in the case.

**DISCUSSION**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court finds grounds to grant Plaintiff leave to file a Second Amended Complaint. Plaintiff seeks to clarify the Defendant's identity. There is no apparent bad faith or undue delay in the motion for leave to amend. The amendment will not prejudice the Defendant.

However, it would be more correct and clear to list the Defendant as "BioQuest Corp., *formerly known as* Café Serendipity Holdings, Inc." in the Second Amended Complaint. That is how the Defendant appears on the Docket, and it is how Plaintiff refers to Defendant in his pending motion for default. (ECF No. 12). When filing the Second Amended Complaint, Plaintiff must use "BioQuest Corp., *formerly known as* Café Serendipity Holdings, Inc." in the caption.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff has until July 8, 2019 to file the Second Amended Complaint. Plaintiff has until August 9, 2019 to serve Defendant with the Second Amended Complaint, summons, and a copy of this Order. *See* Fed. R. Civ. P. 4.

IT IS FURTHER ORDERED that Defendant has until August 30, 2019 to file an answer or other response, as necessary, to the amended complaint.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 26th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE