# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jerome W. Dewald, <br><br>  Plaintiff <br><br> v. <br><br> Café Serendipity Holdings, Inc., <br><br>  Defendant | Case No.: 2:19-cv-00764-JAD-VCF <br><br> **Order (1) Denying Motion for Default Judgment and (2) Ordering Plaintiff to Show Cause Why this Case Should not be Dismissed** <br><br> [ECF No. 26] |

Pro se plaintiff Jerome W. Dewald brings this action against Café Serendipity Holdings, Inc. (CSH) to collect on a promissory note and for declaratory judgment, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and breach of contract.[1] Dewald alleges that CSH signed a promissory note on January 11, 2015, in which it promised to pay him $25,000 plus interest within one year.[2] Dewald further alleges that CSH has failed to pay him, despite his attempts to contact CSH, including via demand letter.[3] Dewald seeks $25,000 in general damages plus costs, accrued interest, and declaratory relief.[4]

Dewald contends that I have subject-matter jurisdiction over this case based on diversity, as he is a citizen of New York and CSH is a citizen of Nevada.[5] However, it appears that Dewald is seeking damages in an amount far below the $75,000 threshold required to establish diversity jurisdiction in federal court.[6] Because Dewald has failed to demonstrate that the

---

[1] ECF No. 14, 16 (corrected image).
[2] *See* ECF No. 16-1.
[3] ECF Nos. 16 at 5, 16-2.
[4] ECF No. 16 at 8.
[5] *Id.* at 3.
[6] *See* 28 U.S.C. § 1332(a)(1).

amount-in-controversy exceeds $75,000, I deny his motion for default judgment and give him 30 days to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

**Background**

Dewald filed his initial complaint against CSH on May 3, 2019,[7] and the summons for CSH was returned executed on May 17, 2019.[8] Dewald then filed an amended complaint on June 3, 2019,[9] and a second amended complaint on July 5, 2019.[10] The summons for CSH regarding the second amended complaint was returned executed on July 29, 2019.[11] Despite service, CSH has failed to plead or otherwise appear. Consequently, Dewald moved for entry of default against an entity called "BioQuest, Corp.," which Dewald believed was the correct name for the defendant after an alleged company merger.[12] I denied as moot Dewald's motion for entry of default because he dropped his claims against BioQuest, Corp. when he filed his second amended complaint.[13] Dewald also moved for entry of default against CSH,[14] and the Clerk of Court entered it on August 4, 2019.[15] Dewald then filed a motion for default judgment,[16] which I denied because he failed to discuss how the seven factors outlined by the Ninth Circuit in *Eitel v.*

---

[7] ECF No. 1.
[8] ECF No. 6.
[9] ECF No. 10.
[10] ECF No. 16.
[11] ECF No. 19.
[12] ECF Nos. 12, 16 at 1–2.
[13] ECF No. 25.
[14] ECF No. 20.
[15] ECF No. 21.
[16] ECF No. 22.

*McCool* justify default judgment against CSH.[17]  Dewald then filed this renewed motion for default judgment against CSH, addressing the *Eitel* factors.[18]

## Discussion

Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000.[19] "[T]he part[y] asserting diversity jurisdiction . . . bear[s] the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000."[20]  If he fails to meet that burden and the "federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."[21]  Further, pro se litigants' documents are "to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[22]

Dewald contends that I can exercise subject-matter jurisdiction over this case based on diversity of citizenship, asserting that he is a citizen of New York and CSH is a citizen of Nevada.[23]  But he has failed to demonstrate that the amount in controversy exceeds the statutory minimum of $75,000.  In his operative complaint, Dewald alleges $25,000 in damages, plus costs, accrued interest, and declaratory relief.[24]  He failed to provide a calculation of the accrued

---

[17] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); ECF No. 25.

[18] ECF No. 26.

[19] 28 U.S.C. § 1332(a)(1).

[20] *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citation omitted).

[21] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[22] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

[23] ECF No. 16 at 3.

[24] *Id.* at 8.

interest in his complaint.[25] In his pending motion for default judgment, Dewald provides some calculations of accrued interest, but he still fails to fully explain them.[26] The only detailed explanation of Dewald's calculations appears in his affidavit in support of his motion for default judgment.[27] There, Dewald explains that "[t]he amount due in this action is: a. principle [sic] [equal to] $25,000.00[,] b. interest compounded monthly from 01-11-2015 [over] 55 months @14% per annum[,] [totaling] $25,141.23[,] c. court costs [equal to] $400[,] [and] d. cost of service [equal to] $160,"[28] for a total of $50,701.23, a calculation (that he explains in his affidavit in support of his motion) that he reached by adding the $25,000 principal amount, his calculation of $25,141.23 in accrued interest, $400 in court costs, and $160 from service of process costs.[29] Assuming without deciding that Dewald's calculations are correct, $50,701.23 falls short of the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a)(1).[30] Thus, it appears that this court lacks subject-matter jurisdiction over this case.[31]

      Because Dewald is proceeding pro se, his pleadings are to be "liberally construed," as he does not have the benefit of counsel.[32] Therefore, I order Dewald to show cause why this case should not be dismissed for lack of subject-matter jurisdiction, and I deny his motion for default judgment without prejudice to Dewald's ability to re-urge it if and when he demonstrates that this case is appropriate for federal court.

---

[25] *See id.*
[26] ECF No. 26 at 3–4.
[27] ECF No. 26-1 at 1.
[28] ECF No. 26 at 4.
[29] *See id.* at 5.
[30] *See* 28 U.S.C. § 1332(a)(1).
[31] *See id.*
[32] *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Dewald's motion for default judgment **[ECF No. 26] is DENIED** without prejudice.  IT IS FURTHER ORDERED that Dewald **has until December 18, 2019, to show cause why this case should not be dismissed for lack of subject-matter jurisdiction because the amount in controversy falls well below the jurisdictional threshold**.  If Dewald does not show cause before this court-ordered deadline, this case will be dismissed without further prior notice.

_____ /s/ Dorsey _____
U.S. District Judge Jennifer A. Dorsey
November 18, 2019