# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jerome W. Dewald,

    Plaintiff

v.

Café Serendipity Holdings, Inc.,

    Defendant

Case No.: 2:19-cv-0764-JAD-VCF

**Order Dismissing Case**

    On November 18, 2019, I gave pro se plaintiff Jerome W. Dewald until December 18, 2019, to show cause why this case should not be dismissed for lack of subject-matter jurisdiction because the amount in controversy in this action appears to fall well below the jurisdictional threshold.[1] That deadline passed without any response by Dewald or request to extend the deadline to file one.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the

---

[1] ECF No. 27.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1

court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

I find that the first two factors weigh in favor of dismissal of this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a document ordered by the court or prosecuting an action.[5] A court's warning to a party that failing to obey the court's order or comply with a rule will result in dismissal satisfies the consideration-of-alternatives requirement.[6] Dewald was expressly warned that dismissal would result if he failed to show cause by the December 18th deadline.[7] Although the fourth factor weighs against dismissal, it is greatly outweighed here by those favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for lack of subject-matter jurisdiction. **The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
Dated: December 26, 2019

---

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[5] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[7] ECF No. 27 at 5.